1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9

EBERTO BAUTISTA-EREDEA,

Case No. 3:20-cv-00403-LRH-CLB

10

Petitioner,

ORDER

11

v.

12

GARRETT, et al.,

13

14

Respondents.

15      Before the court is petitioner Eberto Bautista-Eredea's pro se 28 U.S.C. § 2254

16   habeas corpus petition (ECF No. 1-1). His application to proceed in forma pauperis is

17   granted. The court has reviewed the petition pursuant to Habeas Rule 4 and directs that

18   it be served on respondents.

19      A petition for federal habeas corpus should include all claims for relief of which

20   petitioner is aware.  If petitioner fails to include such a claim in his petition, he may be

21   forever barred from seeking federal habeas relief upon that claim.  See 28 U.S.C.

22   §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his

23   petition, he should notify the court of that as soon as possible, perhaps by means of a

24   motion to amend his petition to add the claim.

25      Bautista-Eredea has also submitted a motion for appointment of counsel (ECF

26   No. 1-2).  There is no constitutional right to appointed counsel for a federal habeas

27   corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v.

28   Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).  The decision to appoint counsel is

generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert.

denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert.

denied, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities

of the case are such that denial of counsel would amount to a denial of due process,

and where the petitioner is a person of such limited education as to be incapable of

fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v.

Bennett*, 423 F.2d 948 (8th Cir.1970).  Here, Bautista-Eredea's petition presents his

claims in a reasonably clear manner.  Further, while the court notes that Bautista-

Eredea's conviction for kidnapping was later overturned, the legal issues remaining

related to his sexual assault conviction do not appear to be particularly complex.

Therefore, counsel is not justified.  Bautista-Eredea's motion is denied at this time.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed in forma

pauperis (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk detach, file, and ELECTRONICALLY

SERVE the petition (ECF No. 1-1) on the respondents.

**IT IS FURTHER ORDERED** that the Clerk add Aaron D. Ford, Nevada Attorney

General, as counsel for respondents.

**IT IS FURTHER ORDERED** that the Clerk detach and file petitioner's motion for

appointment of counsel (ECF No. 1-2).

**IT IS FURTHER ORDERED** that the motion for counsel is **DENIED**.

**IT IS FURTHER ORDERED** that respondents must file a response to the petition,

including potentially by motion to dismiss, within **90 days** of service of the petition, with

any requests for relief by petitioner by motion otherwise being subject to the normal

briefing schedule under the local rules.   Any response filed is to comply with the

remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents

in this case be raised together in a single consolidated motion to dismiss.  In other

words, the court does not wish to address any procedural defenses raised herein either

in seriatum fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, should be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents be filed with a separate index of exhibits identifying the exhibits by number.  The parties will identify filed CM/ECF attachments by the number or numbers of the exhibits in the attachment.

///

///

///

///

///

///

3

1    **IT IS FURTHER ORDERED** that, at this time, the parties send courtesy copies of

2  **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the

3  Reno Division of this court.  Courtesy copies shall be mailed to the Clerk of Court, 400

4  S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the

5  outside of the mailing address label.  **No further courtesy copies are required unless**

6  **and until requested by the court**.

7

8    DATED this 30th day of July, 2020.

9                                                                                                   _____
   LARRY R. HICKS
10                                                                                                 UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4