UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EBERTO BAUTISTA-EREDEA,<br><br>Petitioner,<br><br>v.<br><br>GARRETT, et al.,<br><br>Respondents. | Case No. 3:20-cv-00403-LRH-CLB<br><br>ORDER |

Eberto Bautista-Eredea's (Bautista) 28 U.S.C. § 2254 third-amended habeas corpus petition is before the court on respondents' motion to dismiss certain grounds as unexhausted and/or non-cognizable (ECF No. 36). Bautista opposed, and respondents replied (ECF Nos. 37, 40). As discussed below, the motion to dismiss is denied.

**I.    Procedural History and Background**

In September 2009, a Clark County, Nevada jury convicted Bautista of first-degree kidnapping and one count of sexual assault (exhibit 35).[1] He was found not guilty of a second count of sexual assault. *Id*. The state district court sentenced him to life in prison with the possibility of parole after five years for the kidnapping count and to a consecutive term of life in prison with the possibility of parole after ten years for the sexual assault. Exh. 41. Judgment of conviction was entered on December 14, 2009. Exh. 42.

---

[1] Exhibits 1-123 are exhibits to respondents' first motion to dismiss, ECF No. 8, and are found at ECF Nos. 9-18. Petitioner's exhibits (Pet. Exh.) are found at ECF No. 30.

1

In March 2012, the Nevada Supreme Court affirmed Bautista's sexual assault conviction but reversed and remanded for a new trial as to the kidnapping charge. Exh. 60. On September 19, 2014, a second-amended judgment of conviction was entered indicating that the State elected not to proceed as to the kidnapping charge. Exh. 75. The conviction remained as to the sexual assault count, and the sentence of 10 years to life remained in place. *Id*. The Nevada Supreme Court affirmed the denial of Bautista's state postconviction habeas corpus petition in May 2020. Exh. 122.

Bautista dispatched his original federal habeas petition for filing on or about June 29, 2020 (ECF No. 4). He subsequently filed a motion for appointment of counsel; this court granted the motion in April 2021 and dismissed respondents' then-pending first motion to dismiss without prejudice (ECF No. 25). Respondents have now filed a second motion to dismiss certain grounds in the third-amended petition (ECF No. 36). They argue that Bautista's freestanding claim of actual innocence is not cognizable on federal habeas review. They also insist that petitioner has already acknowledged that ground 3(B), a claim of ineffective assistance of counsel, is unexhausted.

II.     **Legal Standards & Analysis**

    a.  **Ground 3(B)**

The court addresses ground 3(B) first, wherein Bautista alleges that trial counsel were ineffective for failing to object to the State's numerous comments and the jury instructions that referred to the woman involved as "the victim" (ECF No. 34, p. 40). A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). Bautista acknowledges that this claim is unexhausted (ECF No. 34, p. 40).

This court has explained that "[t]he Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate the state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine." *Williams v. Baca*, 3:16-cv-00505-MMD-CLB (ECF No. 63,

2

p. 4). Per that doctrine, "[a]n unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). Moreover, a federal court need not dismiss a claim on exhaustion grounds if it is clear the state court would find the claim procedurally barred under state law. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In other words, such unexhausted claims will be deemed technically exhausted, albeit subject to the procedural default doctrine. *See e.g., Nguyen v. Curry*, 736 F.3d 1287, 1292 (9th Cir. 2013). "[F]ederal habeas review of [procedurally defaulted] claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ." *Coleman*, 501 U.S. at 750.

The Court in *Coleman* held that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a claim. However, in *Martinez v. Ryan*, the Court subsequently held that the failure of a court to appoint counsel, or the ineffective assistance of counsel in a state postconviction proceeding, may establish cause to overcome a procedural default in specific, narrowly-defined circumstances. 566 U.S. 1 (2012). The Court explained that *Martinez* established a "narrow exception" to the *Coleman* rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17.

In *Clabourne v. Ryan*, 745 F.3d 362 (9th Cir. 2014), the Ninth Circuit provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that Clabourne make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]. *Strickland*,

3

> in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different.  Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

*Clabourne*, 745 F.3d at 377 (citations omitted).

Here, Bautista argues that he can establish cause and prejudice under *Martinez* to excuse the default of this claim and to demonstrate that this court should review the claim on the merits (ECF No. 37, pp. 9-11). Respondents acknowledge that the resolution of the cause and prejudice issue and the merits of the claim are closely intertwined, and they ask the court to defer a ruling on whether the procedural default is excused until the merits disposition (ECF No. 40, pp. 3-4). The court agrees and declines to dismiss ground 3(B) at this time. A decision on whether ground 3(B) is procedurally barred from federal review is deferred.

### b.  Ground 1

Bautista insists that he is actually innocent of sexual assault (ECF No. 34, pp. 8-21). Respondents argue that a freestanding claim of actual innocence is not cognizable on federal habeas review (ECF No. 36, p. 6; ECF No. 40, pp. 2-3).

Neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has determined whether a freestanding claim of actual innocence is cognizable on federal habeas review. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"); *House v. Bell*, 547 U.S. 518, 554-55 (2006) (declining to resolve issue left open in *Herrera* regarding the availability of a hypothetical freestanding innocence claim); *Herrera v. Collins*, 506 U.S. 390, 417 (1993) (assuming without deciding that the execution of an innocent defendant would be unconstitutional); *accord id*. at 419 (O'Connor, J., concurring); *id*. at 429 (White, J., concurring); *see also Gimenez v. Ochoa*, 821 F.3d 1136, 1143 (9th Cir. 2016) (the United States Supreme Court has never recognized actual innocence as a constitutional error without an

independent constitutional violation); *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014) ("We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although we have assumed that such a claim is viable."). Respondents contend that because the Supreme Court has never concluded that a petitioner may be entitled to relief on a freestanding claim of actual innocence, ground 1 is not cognizable in federal habeas corpus.

In the opposition to the motion to dismiss, Bautista argues that neither the Supreme Court nor the Ninth Circuit has ever held that the continued incarceration of an innocent individual does not violate the Constitution (ECF No. 37, pp. 4-6). In *Herrera*, the Court assumed without deciding that "a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief." 506 U.S. at 417; *see also House*, 547 U.S. at 554–55 (2006) (same); *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc).

Bautista argues that the Court also seemed to acknowledge in *Schlup v. Delo* that a substantive innocence claim could be asserted if the evidence of innocence was sufficiently strong. 513 U.S. 298, 315-316 (1995). In *In re Davis* the Court considered an original writ of habeas corpus. 557 U.S. 952 (2009). The Court ordered that "[t]he [d]istrict [c]ourt should receive testimony and make findings of fact as to whether evidence that could not have been obtained at the time of trial clearly establishes petitioner's innocence." *Id*. at *1. Bautista contends that the Court would not have granted the relief it did if it believed that a freestanding innocence claim was not cognizable.

In *Carriger v. Stewart*, the Ninth Circuit elaborated as to what constitutes a "truly persuasive" claim of actual innocence, noting that, under *Herrera*, "to be entitled to relief, a habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably

innocent."132 F.3d 463, 476 (9th Cir. 1997) (citing *Herrera*, 506 U.S. at 442–44 (Blackmun, J., dissenting)).

The court agrees with Bautista that consideration of the viability of his actual innocence claim should be deferred until the merits of the claim are fully briefed. The court will then determine cognizability and/or address the merits of the claim. Accordingly, the court denies the motion to dismiss. Respondents may reassert their arguments regarding grounds 1 and 3(B) as well as brief the merits of the petition.

### III.  Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 36) is **DENIED** as set forth in this order.

**IT IS FURTHER ORDERED** that respondents have **60 days** from the date of this order to file an answer to the third-amended petition. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner has **45 days** following service of respondents' answer in which to file a reply.

DATED: 4 May 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE